# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Angel O.,

      Petitioner,

v.

Markwayne Mullin, *Secretary, U.S. Department of Homeland Security, Department of Homeland Security, in his official capacity*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement, in his official capacity*; David Easterwood, *Field Office Director of Enforcement and Removal Operations, Minneapolis–St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; Mary De Anda-Ybarra, *Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement, in her official capacity*; and Warden of El Paso Camp East Montana Detention Center, *custodian of detainees at the El Paso Camp East Montana Detention Center, in their official capacity*;

      Respondents.

File No. 26-CV-0822 (JMB/DJF)

**ORDER**

---

Karen Venice Bryan, KB Law PLLC, St. Louis Park, MN, for Petitioner Angel O.

David W. Fuller and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Markwayne Mullin, Todd M. Lyons, David Easterwood, Mary De Anda-Ybarra, and Warden of El Paso Camp East Montana Detention Center.

---

1

This matter is before the Court on Petitioner Angel O.'s[1] motion for an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (Doc. No. 14.) For the reasons discussed below, the Court grants the motion in part.

## BACKGROUND

Before January 12, 2026, Angel O., an Ecuadorian national with a pending asylum application, had been living in Minnesota for three years, had a valid work permit, and had no criminal history. (Doc. No. 6 ¶¶ 1–3.) Angel O. had been paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) in September 2022. (*Id.* ¶ 1.)

On January 12, 2026, Immigrations and Customs Enforcement (ICE) officers arrested and detained Angel O. as part of the Department of Homeland Security's (DHS) aggressive months-long mass-arrest event in Minnesota known as "Operation Metro Surge." (*Id.* ¶¶ 1, 3.) ICE officers provided no warrant or explanation for Angel O.'s arrest. (*Id.* ¶ 3.) After a brief period of detention in Minnesota, DHS moved Angel O., without prior notice, to a detention camp facility in El Paso, Texas. (*Id.* ¶ 5.)

On January 29, 2026, Angel O., via counsel, filed a petition for a writ of habeas corpus. (Doc. No. 2.) Angel O. argued, among other things, that he is subject only to the detention regime under 8 U.S.C. § 1226, which Respondents violated by arresting him without a required warrant and by not granting him a bond hearing. (*See id.*) Respondents filed a boilerplate one-page response, in which they argued their indefinite detention of

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Angel O. was justified under 8 U.S.C. § 1225(b)(2) which, in their view, required the mandatory detention of all noncitizens living in the country who entered the United States without inspection because their presence in the country meant that they were "seeking admission." (Doc. No. 5.)

Ultimately, on February 2, 2026, the Court granted Angel O.'s petition and ordered him released. (Doc. No. 6.) The Court granted the petition because, at the time, Respondents' reading of 8 U.S.C. § 1225(b)(2) was novel and without legal support. (*Id.* at 5–8.) In addition, and "[s]eparate and apart from the Court's conclusion" related to the interpretation of section 1225(b)(2), the Court also granted the petition on the following three grounds: (1) Angel O. is a member of the class certified under *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) and subject to declaratory relief in that matter, including the declaration that class members are not subject to mandatory detention without a bond hearing (*id.* at 8); (2) Angel O. was arrested without a valid warrant (*id.*); and (3) Angel O. was previously released on temporary parole, did not violate any terms of the release, and was not been provided with sufficient due process of law concerning revocation of that release (*id.* at 9). The Court ordered Respondents to release Angel O., along with all of his property, in Minnesota by 4:00 p.m. on February 3, 2026. (*Id.*) Respondents released Angel O. on February 3, 2026 at 8:00 p.m. (Doc. No. 8.)

## DISCUSSION

Petitioner Angel O. seeks his attorneys' fees and costs under the EAJA in the amount of $6,093.83. Respondents oppose the motion.

The EAJA is meant to eliminate barriers to the average person who seeks to challenge unreasonable government action. *Jerson A.D.G. v. Bondi*, No. 26-CV-0516 (DWF/SGE), 2026 WL 776808, at *1 (D. Minn. Mar. 19, 2026) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)). In that vein, the EAJA provides that a "prevailing party" with a qualifying net worth may recoup their "fees and other expenses . . . incurred by that party in any civil action . . .unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). A motion for fees and costs under the EAJA must be brought within thirty days of a final judgment. 28 U.S.C. § 2412(d)(1)(B).

Respondents do not dispute that Angel O. was the prevailing party in this action. Instead, Respondents argue only that their basis for opposing the petition—that is, their interpretation of 8 U.S.C. § 1225(b)(2) as requiring Angel O.'s mandatory detention—was substantially justified. On this point, Respondents bear the burden of proof. *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). To be substantially justified, Respondents' argument need not have been correct, but it must have been "justified to a degree that could satisfy a reasonable person." *Bah v. Cangemi*, 548 F.3d 680 (8th Cir. Nov. 28, 2008). At the time Angel O.'s petition was pending, the Court rejected Respondents' interpretation of section 1225(b)(2) because it had no legal support. However, since that time, the Eighth Circuit issued its decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), lending support to Respondents' novel interpretation. *Id.* at 1133–35 (concluding that section 1225(b)(2) requires the mandatory detention of non-citizens, without any individualized determination and regardless of whether the non-citizen is

encountered at the border at the time of entry or in the interior of the United States months, years, or decades after entry). *But see Rodriguez Vazquez v. Bostock*, __F.4th__, __, No. 25-6842, 2026 WL 2196424, at *9, 16 (9th Cir. July 30, 2026) (rejecting Respondents' "newfound interpretation" as inconsistent with "the assertedly unambiguous language of the statute" and because "it raises various textual and interpretive problems" and citing similar holdings from the Second, Sixth, Tenth, and Eleventh Circuits).

The holding in *Avila*, however, does not compel denial of the instant motion. In this case, the Court's decision to grant Angel O.'s petition did not rest on the resolution of the parties' competing interpretations of 8 U.S.C. §§ 1225 and 1226 alone. Instead, the Court granted the petition on three other alternative grounds, "[s]eparate and apart" from the disagreement concerning sections 1225 and 1226: (1) Angel O.'s mandatory detention under section 1225 violated the declaratory relief ordered in *Maldonado Bautista*, which applied to Angel O.; (2) Angel O. was arrested without a valid warrant; and (3) Angel O. was previously released on temporary parole, did not violate any terms of the release, and was not been provided with sufficient due process of law concerning revocation of that release. (Doc. No. 6 at 8–9). Importantly, Respondents never disputed these alternative bases for granting the petition. Respondents' failure to respond to these bases for relief— legal arguments that ultimately won the day—was not substantially justified. Further, in response to Angel O.'s motion, Respondents make no assertion that their failure to respond was justified. Nor do Respondents offer any argument that their detention of Angel O. in violation of *Maldonado Bautista*, in the absence of a valid warrant, or without due process,

5

was justified at all, let alone substantially justified.  As a result, Angel O. is entitled to his fees and costs under the EAJA.

Respondents argue that the amount of fees sought by Angel O. should be reduced because certain entries are facially unreasonable.[2]  The Court agrees with Respondents in part and will exclude the following entries from the total award: (1) a January 29, 2026 entry for 1.25 hours ($326.40) to review a show-cause order that does not exist on the docket;  (2) a January 20, 2026 entry by a paralegal for 0.5 hours ($40.39) toward an unspecified "Supervisory Meeting"; and (3) a February 23, 2026 entry by a paralegal for 0.5 hours ($36.29) toward another unspecified "Supervisory Meeting."

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Petitioner Angel O.'s motion for attorney's fees under the EAJA (Doc. No. 14) is GRANTED IN PART.

2.    Petitioner Angel O. is awarded $8.30 in costs and $5,690.75 in attorney's fees.


Dated:  August 7, 2026                    */s/ Jeffrey M. Bryan*
                                          Judge Jeffrey M. Bryan
                                          United States District Court

---

[2] Respondents do not make any argument about the reasonableness of Angel O.'s counsel's rate.  (Doc. No. 18 at 6 ("Given the modest fees sought, the Federal Respondents will not quibble with the rates charged by Petitioner's counsel and paralegal[.]").)